IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CITY OF NORTHPORT,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 7:20-cv-01153-ACA |
| ] | |
| **EDDIE KANE STEEL PRODUCTS,** ] | |
| **et al.,** ] | |
| ] | |
| **Defendants.** ] | |

**MEMORANDUM OPINION AND ORDER**

In Count Five of its third amended complaint, Plaintiff City of Northport alleges that Defendant Eddie Kane Steel Products remained on leased property after defaulting on a lease, thereby trespassing on Northport's property. (Doc. 60 at 16–17 ¶¶ 65–71). Before the court is Eddie Kane's motion for summary judgment on Count Five. (Doc. 94). Because accepting rent payments does not preclude a trespass claim, Eddie Kane's motion for summary judgment is **DENIED**.

**I.   BACKGROUND**

In deciding a motion for summary judgment, the court must determine whether there is a genuine dispute as to any material fact and whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018). The court views all evidence in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party.

Fed. R. Civ. P. 56(a); *Washington v. Howard*, 25 F.4th 891, 895 (11th Cir. 2022). "There is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney*, 886 F.3d at 1062 (quotation marks omitted). In accordance with this standard, the court sets out the pertinent facts as follows.

The exact date on which the trespass occurred was recently stipulated as June 11, 2020 through December 31, 2021 by Counsel for Northport. In January 2020, Northport and Eddie Kane entered an agreement relating to Eddie Kane's use of Northport's property located on Harper Road. (Doc. 60-9 at 2–3). The agreement required Eddie Kane to pay $5,000 a month "for month to month rent." (*Id.* at 3). By its terms, the agreement was temporary and the $5,000 rent did not "set any amount to bind the City or Kane going forward or for back rent. It [was] simply a place holder for a couple of months to allow both sides to try to resolve the back rent issue without having to go to Court to do so." (*Id.*). It is undisputed that Eddie Kane did not make the monthly rent payments as the agreement required. (Doc. 83-3 at 3).

After Eddie Kane missed two payments in the first six months, Northport initiated these proceedings. (Doc. 1-1 at 5). In its complaint, Northport alleged breach of contract and fraud, and it sought a court order ejecting Eddie Kane from the property. While proceeding through initial discovery, the court ordered the parties to mediate their claims. (Doc. 32). Mediation did not resolve the parties'

dispute and Northport later moved the court for an order directing Eddie Kane to vacate the property. (Doc. 33). A subsequent mediation resulted in the parties' joint motion for a consent order directing Eddie Kane to vacate the property by December 31, 2021. (Doc. 36). It is undisputed that Eddie Kane vacated the property on December 31, 2021. The court entered the consent order on January 4, 2022. (Doc. 37).

## II. DISCUSSION

In Count Five, Northport asserts that Eddie Kane remaining on the property after it filed this lawsuit caused Northport damages. (Doc. 60 at 16–17 ¶¶ 65–70). Eddie Kane contends that Northport's continued acceptance of the monthly rent payments under the January 2020 agreement precludes Northport's trespass claim. (Doc. 94 at 13). Northport argues in response that the rent payments were for an undefined rent rate, which Eddie Kane still failed to make each month, and that it consistently tried to remove Eddie Kane from the property. (Doc. 96 at 11–12 ¶¶ 6–8; *id.* at 18–19, 23–24).

To establish a claim for trespass under Alabama law, a plaintiff must show that "the intrusion interferes with the right to exclusive possession of property." *Boyce v. Cassese*, 941 So. 2d 932, 946 (Ala. 2006) (quotation marks omitted); *see also Cent. Parking Sys. of Ala., Inc. v. Steen*, 707 So. 2d 226, 228 (Ala. 1997). An intrusion cannot constitute interference if the intruder has the owner's express or

implied consent. *Boyce*, 941 So. 2d at 946. So to prevail at summary judgment, Eddie Kane must show that the undisputed facts establish Northport's consent to Eddie Kane's use of the property after June 2020 as a matter of law.

Eddie Kane's motion for summary judgment fails to sustain its burden. As a preliminary matter, Eddie Kane argues only that Northport cannot establish an unlawful detainer. (Doc. 94 at 13–16; *Housing Authority of Birmingham Dist. v. Durr*, 735 So. 2d 469, 471–72 (Ala. Civ. App. 1998); *Owens v. Prudential Cooper & Co., Inc.*, 940 So. 2d 1034, 1036 (Ala. Civ. App. 2006). But unlawful detainer is a different tort, requiring different proof, than trespass. A claim of unlawful detainer arises when a person who lawfully entered into possession of the property fails or refuses to deliver possession of said property after the complete termination of the possessory interest. Ala. Code § 6–6–310(2) (1975); *see also Durr*, 735 So. 2d at 471 (citations omitted). Trespass, on the other hand, is "any entry on the land of another without express or implied authority." *Cent. Parking Sys.*, 707 So. 2d at 228; *see also Hankins v. Crane*, 979 So. 2d 801, 808 (Ala. Civ. App. 2007).

In its briefing, Eddie Kane makes the conclusory assertion that the $5,000 payments were in exchange for Northport's consent to remain on the property but makes no argument to support that claim. (Doc. 94 at 13); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682–83 (11th Cir. 2014). And even if it had, the fact that Northport filed this lawsuit and continued to attempt to have Eddie Kane

4

removed from the property (*see, e.g.*, doc. 33), creates a question of fact about whether the inconsistent receipt of $5,000 monthly rent is sufficient evidence to find that Northport implicitly consented to Eddie Kane remaining on the property.

Accordingly, the court **DENIES** Eddie Kane's motion for summary judgment on Northport's trespass claim. (Doc. 94).

**DONE** and **ORDERED** this August 17, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE